**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3573-21

MONICA GRAHAM,

     Plaintiff-Appellant,

v.

CAROLE L. VENETIANER,

     Defendant-Respondent.

_____

> Argued July 10, 2023 – Decided May 8, 2024
>
> Before Judges Vernoia and Smith.
>
> On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-1964-18.
>
> Michael Confusione argued the cause for appellant (Hegge & Confusione, LLC, attorneys; Michael Confusione, of counsel and on the briefs).
>
> Mario C. Colitti argued the cause for respondent (Law Office of Frank A. Viscomi, attorneys; Mario C. Colitti on the brief).

The opinion of the court was delivered by

SMITH, J.A.D.

After a jury awarded plaintiff Monica Graham $325,000 in damages for injuries she sustained in a car accident, she appeals from the order of judgment. She first argues the trial court erred by permitting defense counsel to cross-examine her using medical records not admitted into evidence. She also argues the trial court's error was compounded by defendant Carole L. Venetianer's use of plaintiff's cross-examination testimony and those same records during closing argument. Plaintiff contends the two events prejudiced her before the jury and consequently entitle her to a new trial. We are not persuaded, and we affirm for the reasons which follow.

I.

On April 7, 2016, plaintiff was struck by a vehicle driven by defendant. Plaintiff underwent treatment for her injuries. The treatment included spinal surgeries performed by neurosurgeon Dr. Nirav Shah in October 2018 and June 2019. Plaintiff sued defendant, and trial commenced on June 1, 2022.

The witnesses who testified at trial included plaintiff, her chiropractor Dr. Blessen Abraham, and Dr. Shah. Plaintiff's family doctor, Dr. Linda Guirguis, did not testify. On cross-examination, defense questioned plaintiff about her medical history and, over counsel's objections, confronted plaintiff with admissions and statements attributed to her in Dr. Guirguis's medical records.

A-3573-21

The medical records used during plaintiff's cross-examination pre-dated the April 7, 2016 car accident. Plaintiff's counsel objected, and there was a protracted colloquy between counsel and the court. While the records were never admitted into evidence, the court overruled the objection as to the line of questioning during cross, and it resumed.

Plaintiff's counsel again objected to the line of questioning, challenging the use of Dr. Guirguis's reports when the doctor was unavailable to testify. Once more, the court overruled counsel's objection, finding defense's cross of plaintiff regarding her pre-accident medical treatment proper.

During summations to the jury, defense counsel focused on plaintiff's pre-accident admissions, gleaned from Dr. Guirguis's reports. After recounting what counsel described as "the full picture of [plaintiff's] medical condition[] before the 2016 accident," defense counsel argued, "the meter was already ticking on [plaintiff's] neck and back pain prior to the April 2016 accident." Plaintiff did not object to this argument during closing.

On June 7, 2022, the jury awarded damages of $325,000 to plaintiff, finding the April 2016 accident was a proximate cause of her injuries. Plaintiff appealed.

II.

Plaintiff contends the trial court committed several errors warranting a new trial. The common thread for most of plaintiff's arguments on appeal is that the trial court erred by permitting defense counsel to reference plaintiff's pre-accident medical records, none of which were in evidence, during plaintiff's cross examination and again in summation.

We preface our analysis by acknowledging the general legal principles that guide us.

We note that "[w]hen a trial court admits or excludes evidence, its determination is 'entitled to deference absent a showing of an abuse of discretion, i.e., [that] there has been a clear error of judgment.'" Griffin v. City of E. Orange, 225 N.J. 400, 413 (2016) (alteration in original) (quoting State v. Brown, 170 N.J. 138, 147 (2001)). "Thus, we will reverse an evidentiary ruling only if it 'was so wide off the mark that a manifest denial of justice resulted.'" Ibid. (quoting Green v. N.J. Mfrs. Ins. Co., 160 N.J. 480, 492 (1999)).

III.

On appeal, plaintiff first asserts that she was unfairly prejudiced by defense counsel's use during cross-examination of pre-accident medical reports made by Dr. Guirguis. The record shows that when confronted with hearsay objections, the trial court permitted defense counsel to pursue plaintiff's pre-

accident statements made to Dr. Guirguis about her pain and therapy regimen, as "admissions" under N.J.R.E. 803. Nonetheless, the court denied the wholesale admission of Dr. Guirguis's pre-2016 accident records into evidence.

N.J.R.E. 803 provides for certain exceptions to the hearsay rule that do not depend on the declarant's unavailability. N.J.R.E. 803(c)(4) is one such exception. It tells us statements made for purposes of medical diagnosis or treatment are admissible. The rule states in pertinent part:

> (c) Statements Not Dependent on Declarant's Availability. The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:
>
> . . . .
>
> (4) A Statement for Purposes of Medical Diagnosis or Treatment. A statement that: (A) is made in good faith for purposes of, and is reasonably pertinent to, medical diagnosis or treatment; and (B) describes medical history; past or present symptoms or sensations; their inception; or their general cause.

Under this rule, statements made for the purposes of medical diagnosis are admissible when used to show the existence of a medical issue. See Marino v. Abex Corp., 471 N.J. Super. 263, 295-96 (App. Div. 2022) (decedent's

statements to treating physician were admissible as they "were made for purposes of determining the . . . cause" of her medical issue).

Mindful of the deference we owe the trial court as to its evidentiary rulings, we look to whether the court made a clear error in judgment that unfairly prejudiced plaintiff's trial.

Having reviewed the trial record, we conclude that the scope of plaintiff's cross-examination—to the extent it focused on plaintiff's medical condition prior to her 2016 car accident—was permissible. We specifically consider defense's questions to plaintiff seeking confirmation of her pre-accident statements to Dr. Guirguis about: "neck and back pain"; pain from sitting and standing while on vacation; two visits to a radiologist; continuous follow-up on her neck and back complaints, and prescription for pain medication. Such statements made by plaintiff clearly fall under N.J.R.E. 803(c)(4) as they were made to Dr. Guirguis for the purpose of obtaining a medical diagnosis or treatment. While the form of counsel's questions improperly referenced statements made by Dr. Guirguis not subject to exception under N.J.R.E. 803, the record shows the subject matter addressed by the questions was within the permissible scope of cross-examination. We discern no prejudice to the outcome of the trial as a result these improper questions.

6

We are also unpersuaded by plaintiff's argument rooted in <u>Manata v. Periera</u>, N.J. Super. 436 N.J. Super. 330 (App. Div. 2014), that such statements warrant a new trial. In <u>Manata</u>, we granted a new trial when counsel engaged in improper impeachment based on a prior inconsistent omission by confronting defendant with a police report that was not offered into evidence. We reasoned that "[i]t is improper 'under the guise of "artful cross-examination," to tell the jury the substance of inadmissible evidence.'" <u>Id.</u> at 348 (alteration in original) (quoting United States v. Sanchez, 176 F. 3d 1214, 1222 (9th Cir. 1999)). Here, plaintiff's prior statements to their treating physician, which were the subject of the the cross-examination questions, were admissible, and, as such, we discern no abuse of discretion by the trial court resulting in a manifest denial of justice. See <u>Hayes</u>, 231 N.J. at 385-86.

Next, we address plaintiff's contention that she was unfairly prejudiced by defense counsel's reference to the same medical records in their summation. We disagree. We first note that plaintiff's counsel did not object during summation. We consider issues raised for the first time on appeal only if plain error is established. <u>R.</u> 2:10-2. The plain error standard under <u>Rule</u> 2:10-2 requires us to determine whether any error was "clearly capable of producing an unjust result." <u>T.L. v. Goldberg</u>, 238 N.J. 218, 232 (2019). A choice to not object may

be inferred to be a strategic one, as it "suggests that [the statement] was not perceived to be as fatal as is now argued." Ibid. (citing Risko, 206 N.J. at 523).

Plaintiff targets the part of defendant's closing which referenced her visits and physical complaints to Dr. Guirguis in 2015. There, defense counsel cited Dr. Guirguis's referral of plaintiff for treatment after the April 2016 accident and plaintiff's testimony that she could not recall if she had followed up on the doctor's referral. There is nothing in defense counsel's closing that could be characterized as plain error which was clearly capable of leading to an unjust result. See R. 2:10-2; see also Jacobs v. Jersey Cent.Power & Light Co., 452 N.J. Super. 494, 502 (App. Div. 2017) ("[O]rdinarily [we] do not set [civil jury verdicts] aside and order a new trial unless there has been a proven manifest injustice.").

We also note plaintiff's contention that the culmination of errors warrants a new trial is diminished by the jury's verdict and award to plaintiff of $325,000. The record shows that the jury considered all the evidence presented and weighed it accordingly to find in plaintiff's favor. We discern nothing in the record which would lead us to conclude "that . . . continued viability of the judgment would constitute a manifest denial of justice," 206 N.J. at 521, and we see no reason to disturb the outcome, Zaman, 219 N.J. at 214. To the extent not

addressed, plaintiff's remaining arguments lack sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3573-21